John Brosnan
3321 Vincent Road
Pleasant Hill, California 94523
Telephone:  510.779.1006
Facsimile:   925.237.8300

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN | Case No. |
|     Plaintiff | FIRST AMENDED COMPLAINT COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF VIOLATION OF 18 U.S.C. §1621 – PERJURY, VIOLATION OF 18 U.S.C. § 241 CONPIRACY TO COMMIT PERJURY |
| Vs. | |
| DON OBERLE, TIMOTHY JON CARRE, JAMES G. SCHWARTZ, JOSHUA D. BRYSK, INNOVATIVE MORTGAGE SOLUTIONS, MERIDIAN CAPITAL INC. And DOES 1-100 | DEMAND FOR JURY TRIAL |
| | Date    :  - <br> Time    :  - <br> Place    :  - <br> Trial Date  :  None Set |

JOHN BROSNAN alleges as follows:

JURISDICTION, VENUE, AND PARTIES

1.   This Court has original jurisdiction of the causes of action herein which are brought under18 U.S.C. §241 and 18 U.S.C. §1621.

2.   The unlawful actions of the defendants were committed in the State of California and in the judicial district of this Court.

3.   Plaintiff is a Nevada resident.

4.   Plaintiff is informed and believes that Don Oberle ("OBERLE") is a California resident.

5.   Plaintiff is informed and believes that Tim Carre ("CARRE") is a California resident.

6.   Plaintiff is informed and believes that Joshua D. Brysk ("BRYSK") is a California resident.

7.   Plaintiff is informed and believes that James G. Schwartz "SCHWARTZ". is a California

COMPLAINT

1   resident.

2       8.  Plaintiff is informed and believes that Innovative Mortgage Inc. ("INNOVATIVE") is a

3   California corporation.

4       9.  Plaintiff is informed and believes that Meridian Mortgage Inc. ("MERIDIAN") is a California

5   corporation.

6                                              **FACTS**

7       10.  On August 31, 2006, an Involuntary Chapter 7 Bankruptcy in the Northern District of California

8   was filed against OBERLE, case number 06-41515.  Said case was closed on June 6, 2007.

9       11.  On September 28, 2006, OBERLE, via BRYSK and SCHWARTZ, filed an Adversary

10  Proceeding in the Bankruptcy Court, against BROSNAN, case # 06-41515.  In said Adversary Proceeding

11  OBERLE alleged personal damages relating to lost business.

12      12.  On May 22, 2007, OBERLE caused to be filed with the court a declaration [DECLARATION]

13  signed under penalty of perjury [Exhibit 1].  In the DECLARATION, OBERLE stated that he had been

14  injured in the amount of $307,488.77.  OBERLE stated in the DECLARATION that two companies,

15  INNOVATIVE and MERIDIAN were to have respectively provided him clients worth $50,314 and

16  $238,000.

17      13.  On July 20, 2007, a trial was held, said trial was presided over by the Honorable Edward D.

18  Jellen, said trial was held based upon the DECLARATION of OBERLE.  BROSNAN was present at the

19  hearing.  OBERLE presented his case to the court at length via questioning by his attorney SCHWARTZ,

20  BROSNAN was denied the right to cross-examine OBERLE.

21      14.  On August 3, 2007, the court rendered a decision [Exhibit 2].  On page 3 of the DECISION the

22  court held that the testimony of OBERLE was contradictory and unpersuasive, based upon the testimony

23  the decision ("DECISION") of the court was that OBERLE take nothing on his claim of damages.

24      15.  On page 2 of the DECISION the court states that the only reason for the holding of the trial was

25  due to the declaration of OBERLE and his claim of damages in the amount of $307,488.77.  Damages

26  that the court did not believe existed and that OBERLE refused to provide evidence for even though

27  OBERLE had requested on two occasions for an extension of time to gather the evidence proving his

28  damages.

---

                                            COMPLAINT

16. OBERLE committed perjury when he claimed in the DECLARATION that he lost monies. OBERLE provided no proof to the court as to his claim of lost monies, this was after he was given multiple extensions of time to gather the evidence supporting his losses.

17. OBERLE committed conspiracy to commit perjury when he conspired with the other defendants in order to prepare and file his untrue declaration.

18. OBERLE is no stranger to perjury and lying to the courts and authorities.

19. OBERLE is a convicted felon from the state of Florida [Exhibit 5].

20. OBERLE is currently on trial for identity theft in Contra Costa County [Exhibit 3].

21. OBERLE is currently being sued by the People of The State of California for illegally operating a credit repair business [Exhibit 4].

22. OBERLE has committed real estate and mortgage fraud.  When a person applies for a mortgage loan on a house that person must state whether they are a convicted felon or not.  OBERLE has repeatedly stated under penalty of perjury that he is not a convicted felon, even though he is.

23. OBERLE has committed perjury in official court records.

24. OBERLE testified in a family law courtroom in a child support hearing in 2007 that he only makes $1,000 a month yet he owns a house with over a million dollar mortgage.  Based on the even the best loans available on the market today the mortgage would be in excess of a $1,000 per month.

25. OBERLE is a child molester.

26. The list goes on and on about the perjuries, thefts, illegal acts and child molestation all perpetrated by OBERLE.  Said additional information will be provided in the course of the trial.

FIRST CAUSE OF ACTION

FRAUD via 18 U.S.C. §1622 - PERJURY

OBERLE

27. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

28. On May 21, 2007, OBERLE, caused to be filed a DECLARATION.

29. In the declaration OBERLE committed perjury when he stated that he was damaged by losing business from INNOVATIVE and MERIDIAN.

COMPLAINT

SECOND CAUSE OF ACTION

Fraud via 18 U.S.C. §261 - CONSPIRICY

ALL DEFENDANTS

30.  Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

31.  All defendants conspired with OBERLE.  All defendants were aware that the DECLARATION being filed with the court was false but acted in concert with OBERLE to commit perjury and deny BROSNAN his right to a fair trail.

32.  In order for OBERLE to be able to file the DECLARATION, OBERLE had to secure the co-operation of the other defendants so that he could file the false DECLARATION and injure BROSNAN.

33.  Plaintiff furthermore seeks its attorney fees and costs against the defendants.

**WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:**

1.  For actual monetary damages according to proof;

2.  For punitive damages against OBERLE in the amount of $25,000.000 for perjury;

3.  For punitive damages against OBERLE in the amount of $25,000.000 for conspiracy;

4.  For punitive damages against all other defendants in the amount of $100,000.000 for conspiracy to commit perjury;

5.  For a preliminary and permanent injunction preventing the defendants and all person acting in concert with them from the violation of  18 U.S.C. § 261 and §1622;

6.  For an award of reasonable attorneys' fees and costs according to proof;

7.  For costs of suit; and

8.  For such other and further relief as this Court deems just and proper.

DATED: December 3, 2007

_____  John Brosnan

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the above-entitled matter.

DATED: December 3, 2004

_____  John Brosnan

COMPLAINT

# EXHIBIT 1

JAMES G. SCHWARTZ, #069371
JOSHUA D. BRYSK, #184200
LAW OFFICES OF JAMES G. SCHWARTZ
A Professional Corporation
7901 Stoneridge Drive, Suite 401
Pleasanton, CA  94588
(925) 463-1073

Attorneys for Plaintiff
DON OBERLE

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No.: 06-41515 |
| DON OBERLE, | Chapter 7 |
| Debtor. | Adv. Proc. No.:  06-04223 |
| DON OBERLE, | |
| Plaintiff | |
| vs. | **DECLARATION OF DON OBERLE IN SUPPORT OF DEFAULT JUDGMENT** |
| JEAN WHITLEY, WILLIAM WHITLEY and JOHN BROSNAN, | |
| Defendants. | |

I, DON OBERLE, declare as follows:

1.    I am the Plaintiff herein, and the Debtor in the underlying Involuntary Bankruptcy Case ("Petition") filed herein.  As such, I have firsthand knowledge of the matters attested to herein and, if called to testify, I would competently testify as hereinafter set forth.

2.    I filed a complaint to dismiss the Petition herein as filed in bad faith.

3.    The Court has entered the default of Defendants JOHN BROSNAN, JEAN WHITLEY and WILLIAM WHITLEY.

4.    The filing of the Petition in bad faith by Defendants has caused me damage in the expenditure of legal fees, loss of reputation, harm to my credit rating, and business lost.

5.    In this matter, I have incurred necessary legal fees to Michael J. Primus in the amount of $7,480.00 in defending myself against the Petition filed in bad faith.

6.    In this matter, I have incurred necessary legal fees to the Law Offices of James G. Schwartz in the amount of $11,694.77 in filing and prosecuting the adversary proceeding herein to have the Petition filed in bad faith dismissed.

7.    In addition, the filing of the Petition in bad faith resulted in the impairment of my ability to conduct business.  I am in the credit repair business, and the blemish caused on my own credit report by the bad faith filing of the bankruptcy Petition against me, caused two mortgage companies, Innovative Mortgage Solutions ("IMS") and Meridian Capital ("Meridian"), to refuse to refer their clients to my business for credit repair services.

8.    Prior to learning of the bankruptcy filing, IMS and Meridian each prepared a list of clients to be referred: the IMS list included 20 clients representing $50,314 in revenue for my business; the Meridian list included 100 clients representing $238,000 in revenue for my business.

9.    Due to the expenditure of legal fees and lost business incurred as a direct result of the bad faith Petition filing I have been damaged in a total of $307,488.77.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed May 21, 2007, at Concord, California.

DON OBERLE

# EXHIBIT 2

Signed: August 03, 2007

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                     No. 06-41515 EDJ 7
                                          Adv. No. 06-04223
DON OBERLE,

_____Debtor._____/

DON OBERLE,

                    Plaintiff,
vs.

JEAN WHITLEY, WILLIAM WHITLEY,
and JOHN BROSNAN,

                    Defendants. /

                    <u>DECISION</u>

    This is an adversary proceeding in which plaintiff Don Oberle

("Oberle") seeks an award of actual and punitive damages pursuant to

Bankruptcy Code § 303(i)[1] against defendants Jean Whitley, William

_____

        [1]Bankruptcy Code § 303(i) provides:
    (i)  If the court dismisses a petition under this section other
    than on consent of all petitioners and the debtor, and if the
    debtor does not waive the right to judgment under this
    subsection, the court may grant judgment -
                                          (continued...)

Decision

Whitley, and John Brosnan.   The defendants are the petitioners under

an involuntary chapter 7 petition filed August 31, 2006, which this

court dismissed by order filed December 12, 2006 for the reasons set

forth in a Decision re: Motion to Dismiss, filed December 21, 2006

(the "Decision").

The clerk of court had entered the defaults of the defendants

in this adversary proceeding, but the court elected to hold a

default hearing because of the large amount of damages being claimed

by Oberle, some $307,488 including attorneys' fees.  Fed. R. Civ. P.

55(b)(2), applicable to adversary proceedings via Fed. R. Bankr. P.

7055.  The default hearing has been held, and the court has

considered the evidence submitted.

The court holds that Oberle is entitled to an award of

attorneys' fees in the sum of $7,480 in respect of his successful

defense of the involuntary petition, and an additional award of

attorneys' fees in the sum of $2,500 in connection with his

prosecution of this adversary proceeding.  The court finds that,

except as to the foregoing attorneys' fees, Oberle did not suffer

---

[1](...continued)
     (1)  against the petitioners and in favor of the debtor for
          -
          (A)  costs; or
          (B)  a reasonable attorney's fee; or
     (2)  against any petitioner that filed the petition in bad
     faith, for -
          (A)  any damages proximately caused by such filing; or
          (B)  punitive damages.

Decision                                2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1  any damages as the proximate result of the involuntary petition, and

2  therefore holds that he is not entitled to an award of any

3  consequential or punitive damages under Bankruptcy Code §

4  303(i)(2).[2]

5      A.  <u>Consequential and Punitive Damages</u>

6      At trial, Oberle failed to prove that he suffered any

7  consequential damages.  The oral testimony he presented was

8  contradictory and unpersuasive.  He testified that he was upset by

9  the petition.  He testified, unconvincingly, that Doso, Inc., a

10  corporation in which he had a 51% shareholder interest, lost some

11  business as a consequence of the involuntary petition.  However, he

12  failed to show that he personally suffered any loss as a consequence

13  and failed to provide any admissible documentary evidence of any

14  kind that might establish any damages.

15      With respect to punitive damages, Oberle not only failed to

16  establish any actual damages, but also failed provide any evidence

17  as to the wealth of any of the defendants.  The court therefore

18  holds that Oberle is not entitled to an award of punitive damages.

19  <u>See</u> <u>Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Exch.</u>

20  <u>Council, Inc.</u>, 727 F.2d 1470, 1473 (9th Cir. 1984) (holding that, in

21  assessing punitive damages, the court must consider the nature of

22  the defendants' acts, the amount of the compensatory damages

23  awarded, and the wealth of the defendants).

24

25          _____

26      [2]All further section references herein are to the Bankruptcy
    Code, 11 U.S.C. § 101 <u>et</u>. <u>seq</u>.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1    B.   <u>Attorneys' Fees</u>

2        There is no question that Oberle has satisfied the two

3    statutory prerequisites for an award of attorneys' fees: the court

4    dismissed the involuntary petition on a ground other than consent by

5    the parties, and Oberle did not waive his right to recovery under

6    the statute.   Section 303(i).

7        However, because § 303(i)(1) provides that the court "may"

8    award attorney's fees thereunder, an award of fees is discretionary,

9    not mandatory.   <u>Higgins v. Vortex Fishing Sys., Inc.</u>, 379 F.3d 701,

10   705-706 (9th Cir. 2004).   In considering whether to award attorneys'

11   fees, the court is to consider the "totality of the circumstances."

12   <u>Id</u>.

13       Here, the totality of circumstances dictates that Oberle be

14   awarded attorneys' fees.   Not one of the petitioners was a qualified

15   petitioner.   Decision, p. 5.   Brosnan's alleged claim was in the sum

16   of only $2, strongly suggesing bad faith on his part.   Jean

17   Whitley's claim was valid, but the evidence she submitted in

18   connection with Oberle's motion to dismiss the petition failed to

19   show that Oberle was delinquent in payment.   Decision, p. 5.

20       Moreover, Jean Whitley attempted to split the single debt

21   Oberle owed her into two debts by assigning a portion to William

22   Whitley for the apparent purpose of creating another creditor that

23   could join in the involuntary petition.   Decision, pp. 2-3.

24       None of the defendants submitted any evidence of any facts that

25   might justify their conduct or suggest that, considering the

26   totality of the circumstances, an award of attorneys' fees against

Decision                          4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1  them would be inappropriate.

2      The court holds that the totality of the circumstances

3  justifies an award of attorneys' fees in favor of Oberle.

4      As to the amount, Oberle incurred attorney's fees to Michael J.

5  Primus ("Primus") in the sum of $7,480.[3]  Oberle incurred these fees

6  in defending the ill-grounded involuntary petition.  The amounts

7  appear reasonable, and the court will include this amount in the

8  award.

9      Oberle incurred attorney's fees to James D. Schwartz

10  ("Schwartz") in the sum of at least $11,694.77 for prosecution of

11  this adversary proceeding.[4]  The court finds this amount excessive.

12  Apart from attorneys' fees, Oberle suffered no damages.  Although

13  the adversary proceeding was justified as a mechanism to obtain

14  reimbursement for the $7,480 in fees Oberle incurred to Primus, the

15  $11,694 is over one and one-half times $7,480.

16      Schwartz is entitled to a reasonable fee for preparation and

17  service of the complaint, and obtaining the defaults of the

18  defendants.  However, he is not entitled to a fee for attempting to

19  obtain a judgment that included some $238,000 in nonexistent

20  consequential damages and services related thereto.

21      The court does not have a breakdown as to the specific charges

22  and services encompassed within the $11,694.  Based on the available

23  _____

24      [3]Declaration of Don Oberle in Support of Default Judgment,
    dated May 21, 2007.

25

26      [4]Declaration of Don Oberle in Support of Default Judgment,
    dated May 21, 2007.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1    information, the court will set $2,500 as a reasonable attorney's

2    fee.    This brings the total award to $9,980.

3         C.   Conclusion

4         The court will issue its judgment in this adversary proceeding

5    imposing attorneys' fees against all three defendants, as a joint

6    and several liability, in the sum of $9,980, allocated $7,480 in

7    respect of Primus's fees and $2,500 in respect of Schwartz's fees.

8                            **END OF ORDER**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1                          COURT SERVICE LIST

2   Office of the U.S. Trustee
    1301 Clay Street, Suite 690-N
3   Oakland, CA 94612

4   James G. Schwartz, Esq.
    Joshua D. Brysk, Esq.
5   Law Offices
    7901 Stoneridge Drive, Suite 401
6   Pleasanton, CA 94588

7   Duane L. Tucker, Esq.
    Law Offices
8   28027 Tampa Avenue
    Hayward, CA 95544
9
    John Brosnan
10  3321 Vincent Road
    Pleasant Hill, CA 94523
11
    Michael J. Primus, Esq.
12  Law Office
    1500 Newell Avenue, Suite 409
13  Walnut Creek, CA 94596

14

15

16

17

18

19

20

21

22

23

24

25

26

Decision                           7

# EXHIBIT 3

Superior Court of California, County of Contra Costa

☐ **MARTINEZ**
725 COURT ST.
MARTINEZ, CA 94553
(925)646-2449

☐ **PITTSBURG**
45 CIVIC AVE.
PITTSBURG, CA 94565
(925) 427-8174

☐ **RICHMOND**
100 37th ST.
RICHMOND, CA 94805
(510) 374-3783

☒ **WALNUT CREEK**
640 YGNACIO VALLEY RD.
WALNUT CREEK, CA 94598
(925)

To:  _Karen Singh_
District Attorney's Office

Date:  _6/6/06_

---

People of the State of California

Case No. _127246-7_

vs.

_Oberle, Donald_

Attached is a copy of the police report for redacting by your office.

Please return to the above checked court location upon completion.

Thank you,
Ken Torre, by

_____
Court Clerk

PCSection 964(03/23/05)
Attachment B to Procedure No. ____

---

**SUPERIOR COURT**
**CONTRA COSTA COUNTY**

No. ____
Procedure:  Police Reports

# CONTRA COSTA COUNTY
## Office of the District Attorney

## INVESTIGATIVE REPORT

| Type of Investigation: | Docket / File / Police Report No. |
|---|---|
| PC 530.5 Identity Theft | 05-12-336 |
| **Subject / Defendant:** | |
| Oberle, Donald | |
| **Inspector Assigned:** | **Date Assigned:** |
| P. Venable | 12-13-05 |

### Investigative Summary

Suspect used the social security number of the victim to obtain a cell phone account. Suspect also used a different name. Subsequent investigation revealed numerous credit card charge offs under the false identity.

**Suspect(s): Oberle, Donald; DOB: 2-12-66; 89 Oak Rd, Orinda, Ca, cell #925-323-8013**

**Victim(s): Gapsch, Kimberly; DOB: 11-15-56;** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**Witness(es): Oberle, Samsara; DOB: 3-6-72;** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**Others:** Brosnan, John; DOB: 4-7-64; ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**Evidence:** PV-1  Phone records from Cingular wireless

**Attachment(s): Orinda Police Reports 05-23482 and 05-28092**

**Credit reports from Gapsch**

| Written By: *Philip E Venable* | |
|---|---|
| Inspector Philip Venable | Date: 5/22/2006 |

**Contra Costa County District Attorney's Office**
**Continuation/Supplemental Report**

| Supplemental | |
|---|---|
| Continuation | X |

| Subject / Defendant: | Docket / Report No. |
|---|---|
| Oberle, Donald | 05-12-336 |

**Narrative:** Samsara reported she and her husband, Donald Oberle, are going through a divorce. During the course of the divorce they were involved in a dispute over their jointly owned business. During one court session Samsara was given control of the company and was trying to determine the assets when she found a cell phone bill in the name of Dominick Borlini. The cell phone number on the bill was the same cell phone number her husband, Donald, used. ▓▓▓▓▓▓▓▓.

Samsara said there was no employee she knew of by that name and ran a credit check using only the name. Samsara said she got a credit report hit in the name of Dominick Borlini which showed numerous charge offs and collections, however the residence address on the credit report was a mail stop she and Donald used for their business.

Samsara was suspicious and called me. Samsara got my number from the business because DDA Lon Wixon and I had questioned a couple of employees of the business, Creditline Financial, during an investigation into the business practices of Creditline Financial conducted the previous year.

I asked Samsara to bring in her documentation and I would check the information. Samsara showed me the credit report of Borlini and I noticed the social security number was ▓▓▓▓▓▓▓▓. I ran the name through a public records check which did not return any results. I ran the social security number through a credit header check and found the number had been issued in the state of Washington, in 1972, to Gapsch.

I called the Tacoma Police Dept and spoke with Det Dave Lucky, ph#253-591-5869. I explained the situation to Det Lucky and asked if he could contact Gapsch and have her call me. Det Lucky said he would.

The next day I received a call from Gapsch. I identified myself and asked her if her social security number was ▓▓▓▓▓▓▓▓. Gapsch said it was and asked

| Written By: | |
|---|---|
| Inspector Philip Venable | Date: 5/22/2006 |

2

# Contra Costa County District Attorney's Office
## Continuation/Supplemental Report

| Supplemental | |
|---|---|
| Continuation | X |

| Subject / Defendant: | Docket / Report No. |
|---|---|
| Oberle, Donald | 05-12-336 |

how I got her social security number. I explained how it came to my attention and asked if she ever knew a subject by the name of Dominick Borlini. Gapsch said she did not know a subject by that name. Gapsch also told me she had been turned down several times by credit card companies over the past couple of years and wondered why she could not get a credit card. I explained to her the number of collections and charge-offs there were on Borlini's credit report.

I asked Gapsch if she had lost her purse or had any identification stolen. Gapsch said it is possible one her children got access to her identification because she had trouble with them while they were in high school and she noticed her purse had been rifled several time. Gapsch said that was about 5 years ago when that happened. She said her children are in their early 20s and living elsewhere now.

Gapsch could not give me any more information and said other than the fact she could not get a credit card for the past couple of years, she had not noticed any thing unusual with regard to her credit. I gave Gapsch the fraud phone numbers to the major credit bureaus and asked her to send for her credit reports, then send me copies when she gets them. I also asked her to contact her local police agency and file an identity theft report with them. Gapsch said she would.

On 12-9-05 I received a copy of the Cingular phone bill for phone number 9▇▇▇▇▇▇▇, subscriber name Dominick Borlini. The bill was sent to me by Samsara. I examined the bill and found the time period of the bill was 4-21-04 to 5-20-04. The bill showed the subscriber to be Dominick Borlini with a billing address of 1▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Concord. Samsara told me her old cell phone number during the time period of the bill was 9▇▇▇▇▇ ▇▇▇▇. I found the number listed several times as either the incoming call, or as an outbound call. Samsara said she has never known a Dominick Borlini.

| Written By: | |
|---|---|
| Inspector Philip Venable | Date: 5/22/2006 |

3

# Contra Costa County District Attorney's Office
## Continuation/Supplemental Report

| Supplemental | |
|---|---|
| Continuation | X |

| Subject / Defendant: | Docket / Report No. |
|---|---|
| Oberle, Donald | 05-12-336 |

On 12-12-05 I received a police report from the University Place Police Dept. The report was of an Identity Theft case reported by Gapsch on 11-30-05 and referenced my report. There was no new information in the report. The report number is 053340483.1 written by Officer Robinson.

I made attempts to call Oberle via his cell phone number, however the calls were routed to voice mail.

On May 3, 2006, I received information from a subject by the name of John Brosnan, who is a friend of Samsara Oberle's, that a police report had been written in Oct 2005 when Samsara found a person staying in the residence she and Oberle owned in Orinda. Samsara said Oberle was contacted by the police regarding that report and he may have given the cell phone number as a contact number to the police.

I looked up calls for service to the residence, located ████████████████, and found two reports written by the Orinda Police Dept. The first was report #05-28092, written on 10-15-05, in which Samsara went to the residence and found a female subject inside. The officer, Orinda PD officer N. McCormack, called Oberle using cell phone number 925-323-8013 to confirm the female subject had permission to stay at the residence. The phone number was listed in the report as a contact number for Oberle.

The second report was a suspicious circumstance report filed by Oberle on 8-28-05, and written by Orinda PD officer D. Kimball. Oberle said his contact number was ████████████.

Based on the phone records from Cingular Wireless and the police reports showing Oberle using cellular phone number ████████████, which was activated by Dominic Borlini using the social security number of Kimberly Gapsch, I believe Oberle is Borlini and committed the crime of Identity Theft by using Gapsch's social security number to bypass the credit check processes

| Written By: | |
|---|---|
| Inspector Philip Venable | Date: 5/22/2006 |

# Contra Costa County District Attorney's Office
## Continuation/Supplemental Report

| Supplemental | |
|---|---|
| Continuation | X |

| Subject / Defendant: | Docket / Report No. |
|---|---|
| Oberle, Donald | 05-12-336 |

at **Pacific Bell Mobile Services (which Cingular was known as when the account was activated).**

| Written By: | |
|---|---|
| **Inspector Philip Venable** | **Date: 5/22/2006** |

# COUNTY OF CONTRA COSTA,
# STATE OF CALIFORNIA

NO.__M06-019___

## RETURN TO SEARCH WARRANT

The property or things listed below (or on the attachment hereto) was taken from Cingular Wireless, 4420 Rosewood Dr, Pleasanton, Ca 94588 pursuant to the Search Warrant dated the 12 day of Jan, 2006, issued by Judge Canepa

subscriber information for cell phone number ~~██████████~~ including billing addresses, date and method of activation, including credit information.

___☐___ In addition to the above listed items, the seizure of which was commanded by the Search Warrant, items were seized which were not listed on the Search Warrant. A listing of them is attached hereto.

I, Inspector Philip Venable by whom this Warrant was served, do swear that the above and/or the attached inventory/inventories contain(s) a true and detailed account of all the property taken during the service of this Search Warrant.

All the property seized which was listed on the Search Warrant will be retained in my custody subject to order of this or any other court in which the offense in respect to which the property was taken is triable.

_____
Signed in the presence of issuing Magistrate

**Given under my hand and dated**

this _1_ day of _FEB_ , 20_06_.

_____
**Magistrate**

Judge of the ___Superior___ Court, _____ Judicial District.

-Leave 1 copy at place searched
-Within 10 days of ISSUANCE of Warrant, swear to original before issuing Magistrate who will file with clerk:
-1copy for police file

# RETURN TO SEARCH WARRANT
## LIST SEIZED ITEMS NAMED ON SEARCH WARRANT

**Page 1 of 1**

**COUNTY (TIES) OF Contra Costa, STATE OF CALIFORNIA**

# SEARCH WARRANT

No.M06-019

**The People of the State of California**, to any sheriff, constable, marshall, police officer or peace officer in the County(ies) of Contra Costa:  PROOF by affidavit having been made before me this day by Inspector Philip Venable that there is probable cause to believe the **property** and/or **thing(s)** and/or **person(s)** described herein may be found at the location(s) set forth and that the following provisions of California Penal Code Section 1524 are applicable:

☐　the property was stolen or embezzled - **Penal Code 1524(a)(1)**.

☐　the property or thing(s) were used as the means of committing a felony  - **Penal Code 1524(a)(2)**.

☐　the property or thing(s) are in the possession of any person with the intent to use it as a means of committing a public offense; OR are in the possession of another to whom he or she may have delivered it for the purpose of concealing it or preventing it from being discovered   - **Penal Code 1524(a)(3)**.

☒　the property or thing(s) consist of any item or constitutes any evidence that tends to show a felony has been committed or tends to show that a particular person has committed a felony  - **Penal Code 1524(a)(4)**.

☐　the property or things consist of evidence which tends to show that sexual exploitation of a child in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years in violation of 311.11, has occurred or is occurring   - **Penal Code 1524(a)(5)**.

☐　an arrest warrant is outstanding for the person to be seized - **Penal Code 1524(a)(5)**.

☐　because this is a search for documentary evidence which is in the possession or under the control of a lawyer, physician, psychotherapist or clergyman who is not a suspect in the criminal activity to which the documentary evidence being sought relates, the Special Master provisions are applicable - **Penal Code 1524(c)**.

## YOU ARE THEREFORE COMMANDED TO SEARCH:

**THE PREMISES** located at and described as:   a business: Cingular Wireless, 4420 Rosewood Dr, Pleasanton, Ca 94588

including basements, attics, storage spaces, appurtenant buildings, the surrounding grounds, and all containers therein and thereon which could contain any of the items sought. Strike out inapplicable words

**THE CONTAINER(S)** located at and described as:

including the passenger compartment, storage such as trunk and glove box, and any containers within the vehicle(s) which could contain any of the items sought. Strike out inapplicable words

**THE PERSON(S)** of:

**FOR THE FOLLOWING PROPERTY, THINGS** AND/OR **PERSON(S)**

☐ listed in Exhibit #        attached.

☒ listed below:  Subscriber information for phone number ▉▉▉▉▉▉▉▉ Account history of ▉▉▉▉▉▉▉8 to include all billing addresses, date of activation, method of activation, and all information provided at time of activation including credit history run at time of activation.

The Attachments indicated below are incorporated into this Affidavit by reference and by physical attachment as though set forth here word-for-word; probable cause contained in:

☒        Narrative Statement Of Probable Cause.

☐        The following listed official police reports and records; and documents, exhibits and photographs: Strike out inapplicable words

☒        Statement(s) of expertise and opinion:

I/we have reasonable cause to believe that grounds exist for the issuance of a search warrant based on the content of this affidavit which includes the above-referenced attachments, and pray that a search warrant be issued.

**I/we certify (or declare) under penalty of perjury** under the laws of the State of California that the information in this Affidavit is true and correct:

_____        _____
            **Affiant**                                                **Affiant**

Subscribed to and sworn before me this __12__ day of __JAN__, 20_06_, at _0901_ (AM) PM

_____        Judge of the _____ Court
     Magistrate's Signature                                    Name (level) of Court

_____
     Judicial District if Applicable

**COUNTY (TIES) OF Contra Costa , STATE OF CALIFORNIA**

## AFFIDAVIT FOR SEARCH WARRANT       No.406-019

☐
Mark If Applicable
**and AFFIDAVIT FOR RAMEY ARREST WARRANT (817 P.C.)**

On the basis of his/her personal knowledge and on the basis of other information contained in the attachments hereto, Inspector Philip Venable (Affiant(s) being duly sworn, deposes and says that there is probable cause to believe the **property** and/or **thing(s)** and/or **person(s)** described herein may be found at the location(s) set forth and that the following provisions of California Penal Code Section 1524 are applicable:

☐    the property was stolen or embezzled - Penal Code 1524(a)(1).

☐    the property or thing(s) were used as the means of committing a felony  - Penal Code 1524(a)(2).

☐    the property or thing(s) are in the possession of any person with the intent to use it as a means of committing a public offense; OR are in the possession of another to whom he or she may have delivered it for the purpose of concealing it or preventing it from being discovered   - Penal Code 1524(a)(3).

☒    the property or thing(s) consist of any item or constitutes any evidence that tends to show a felony has been committed or tends to show that a particular person has committed a felony - Penal Code 1524(a)(4).

☐    the property or things consist of evidence which tends to show that sexual exploitation of a child in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years in violation of 311.11, has occurred or is occurring   - Penal Code 1524(a)(5).

☐    an arrest warrant is outstanding for the person to be seized - Penal Code 1524(a)(5).

☐    because this is a search for documentary evidence which is in the possession or under the control of a lawyer, physician, psychotherapist or clergyman who is not a suspect in the criminal activity to which the documentary evidence being sought relates, the Special Master provisions are applicable - Penal Code 1524(c).

and requests the issuance of a warrant to search:

**THE PREMISES** located at and described as: a business: Cingular Wireless, 4420 Rosewood Dr,Pleasanton, Ca 94588

including basements, attics, storage spaces, appurtenant buildings, the surrounding grounds, and all containers therein and thereon which could contain any of the items sought. Strike out inapplicable words

**THE CONTAINER(S)** located at and described as:

**THE VEHICLE(S)** described as:

**THE VEHICLE(S) described as:**

including the passenger compartment, storage areas such as trunk and glove box, and any containers within the vehicle(s) which could contain any of the items sought.   *Strike out inapplicable words*

**THE PERSON(S) of:**

FOR THE FOLLOWING **PROPERTY, THING(S)** and/or **PERSON(S)**

☐  listed in Exhibit #      , attached.

☒  listed below:    Subscriber information for phone number ███████████
Account history of 925-323-8013 to include all billing addresses, date of activation, method of activation, and all information provided at time of activation including credit history run at time of activation.

and to seize such person(s), and/or property and/or things or any part thereof and to retain such property and/or thing(s) in your custody subject to order of a competent court pursuant to Penal Code section 1536.

**NIGHT-TIME Service:   Good cause having been shown by Affidavit, you may serve this warrant at any time of the day or night when my initials are here** —— ☐

GIVEN under my hand this _12th_ day of _January_ , 20_06_ , at _9:00_ (AM) PM.

_____     Judge of the _Superior_ _____ Court
Magistrate's Signature                                              Name (level) of Court

_Contra Costa_
Judicial District If Applicable

## STATEMENT OF TRAINING AND EXPERTISE

I, Philip Venable, am a duly sworn and qualified Peace Officer in the State of California and the County of Contra Costa. I have been employed by the Sheriff's Office twice, from Feb 1984 to Jan 1997, and again since April of 2002. I have been assigned to Detention Division, Patrol Division and on Feb 2, 2004, was assigned to the Contra Costa County Office of the District Attorney, Special Operations Division.

During the period from July, 1994, to Jan 1997, I was assigned to the Sheriff's Office Investigations Bureau. I investigated general felony crimes within my assigned geographical area, and all High Technology Crimes within the county. I investigated approximately 10 cellular telephone fraud cases, 3 computer access cases, 2 identity theft cases, 1 child pornography case. All of those cases involved the use of computer forensics to retrieve evidence from the computers used to facilitate or commit the crimes.

Since being assigned to the District Attorney's Office I have used computer forensics to acquire and retrieve evidence from 50 hard drives pursuant to signed search warrants. I have investigated 1 hacker case, 5 child pornography cases, 7 Real Estate Fraud cases, 6 Internet fraud cases, 2 Embezzlement cases, 10 consumer/financial fraud/forgery cases, 1 Internet pedophile case, 1 internet sex for hire case, and assisted in 5 Homicide cases, using computer forensics and/or cell phone examinations to search for, and retrieve, evidence.

I have examined and conducted data dumps on 10 cell phones related to investigations I was conducting, or as part of the officer involved protocol.

During the period from Feb 1997 to April 2002, I was employed by SBC Communications. From Jan 1997 to Dec 1997 I was the Security Manager for Pacific Bell Mobile Services. I was responsible for maintaining security of both the physical properties and the network infrastructure. I developed the security plans for all PBMS buildings and retail outlets. I developed the procedures for product distribution, network access, and notification processes in the event of network intrusion, fraud or theft. I worked approximately 40 fraud and theft cases (internal and external). I was on the committee to develop techniques to comply with CALEA for Pacific Bell Mobile Services. This included how lawful intercepts were to be conducted on the network and how we were going to supply requested data to law enforcement.

In Dec 1997 I was transferred into the SBC Asset Protection unit. I investigated cases of employee misconduct. I was part of the executive protection group and trained in electronic counter surveillance, and lawful intercepts of both wireless and wireline telephone communication..

In Aug 1999 I transferred to Network Operation at SBC where I supervised telephone repair technicians whose primary responsibility was maintenance and repair of the telephone infrastructure.

## FORMAL EDUCATION:

Associate of Science degree in Police Science, Mt San Antonio College, Walnut, Ca (1976)

## FORMAL SPECIALIZED TRAINING:

Basic Criminal Investigations Course, Robert Pressley Institute, Sacramento, 1995  80 hours

Law Enforcement Training Instructor Course, Robert Pressley Institute, Los Angeles, 1995  40 hrs

Basic Police Academy, Sacramento County Sheriff's Department, which included training in basic criminal investigation and evidence collection, 666 hours.

Basic Traffic Accident Investigation school, Los Medanos College, 1986, 40 hours

Drug and Alcohol Recognition Training, 1986, 8 hours

Computer Crime, SEARCH, Sacramento, 1995 40 hrs

Computer Forensics, SEARCH, Sacramento, 1996  40 hrs

Internet Crime, SEARCH, 1996 40 hrs

Basic Interview & Interrogation School, Santa Rosa 1987 40 hours

Electronic Counter Surveillance, SBC, 1998, 40 hrs

Internet Crime Investigation, Calif Dept of Justice, Napa, 2004   40 hrs

EnCase Introduction to Computer Forensics, Pasadena, Ca, 2004   32 hours

Writing Search Warrants, DOJ, 1995  24 hours

Real Estate Fraud, Calif District Attorneys Assoc, 2004, 24 hours

## AREAS OF EXPERTISE:

Wireless Communications obtained through on-the-job training with Pacific Bell Mobile Services

Computer Crime and Computer Forensics

Lawful Intercepts on wireless and wireline telephone systems

I have written approximately 64 search warrants for subscriber information and call records to ISPs and telecommunication companies while serving in a law enforcement capacity.

I have reviewed, and complied with, over 200 search warrants for the same information from law enforcement while employed by SBC.

LAW ENFORCEMENT.COM (watermark)

☒ Face Page
☐ Continuation
☐ Supplemental

**CONTRA COSTA COUNTY SHERIFFS DEPARTMENT**
P.O. Box 391, Martinez, California 94553-0099

☐ D.V.  ☐ HRO  ☐ Arrest  ☐ SI

| 1. DR No. 05-23482 | 2. City Code ORI 78 | 3. Crime/Classification Suspicious Circumstances (1732) | | 4. Detail 1. 1732 | 5. More Persons ☐ |
| 6. Day / Date / Time of Occurrence SUNDAY / 8/28/2005 / 0200 | | 7. Date / Time Reported 8/28/2005 / 1239 | 8. Employee No. 33803 | | 9. Reclassification ☐ |

| 10. Address / Location of Occurrence 89 Oak Rd. Orinda | | | | | |

| 11. ☒ PRI ☐ VIC ☐ WIT ☐ MSP ☐ RUN ☐ SUS ☐ LEAD ☐ OTHER |
| 12. Name (L, F, M) OBERLE, Donald Patrick | 13. Race / Sex / Age W / M / 39 | 14. DOB 2/12/1966 | 15. Driver License No. |
| 16. Address (Zip Code) 89 Oak Rd. Orinda 94563 | | 17. Home Phone |
| 18. Employed By or School | | 19. Work Phone |
| 20. Hair BLK | 21. Eyes BLU | 22. Ht. 6' 0" | 23. Wt. 170 | 24. AKA / Maiden Name | 26. Social Security No. |
| 25. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.) | | | | | 27. Booking or Cite No. |

| 28. ☐ PRI ☐ VIC ☐ WIT ☐ MSP ☐ RUN ☐ SUS ☐ LEAD ☐ OTHER |
| 29. Name (L, F, M) | 29. Race / Sex / Age / | 30. DOB | 31. Driver License No. |
| 32. Address (Zip Code) | | 33. Home Phone |
| 34. Employed By or School | | 35. Work Phone |
| 36. Hair | 37. Eyes | 38. Ht. | 39. Wt. | 40. AKA / Maiden Name | 41. Social Security No. |
| 42. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.) | | | | | 43. Booking or Cite No. |

| 44. ☐ PRI ☐ VIC ☐ WIT ☐ MSP ☐ RUN ☐ SUS ☐ LEAD ☐ OTHER |
| 45. Name (L, F, M) | 46. Race / Sex / Age / | 47. DOB | 48. Driver License No. |
| 49. Address (Zip Code) | | 50. Home Phone |
| 51. Employed By or School | | 52. Work Phone |
| 53. Hair | 54. Eyes | 55. Ht. | 56. Wt. | 57. AKA / Maiden Name | 58. Social Security No. |
| 59. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.) | | | | | 60. Booking or Cite No. |

| 62. Veh / Yes ☐ S ☐ Vict | 63. Lic No. (State) | 64. Year | 65. Make | 66. Model | 67. Body Style | 68. Color Top Bottom |
| 69. Status ☐ Left ☐ Impound ☐ Stored | 70. Registered Owner | | 71. R.O. Address | |
| | 72. Towed to or Released to | | 73. Who has Keys? | |
| 74. Evid ☐ Yes ☒ No | 75. F / P ☐ Yes ☒ No | 76. Dispo of Evidence | 77. Missing | 78. Damaged $50.00 |

79. Brief Synopsis of Incident

    The PRI reported being awaken by his dog barking at 0200. The dog sleeps in the bedroom
and was barking towards the stairs leading down to the main part of the home. The PRI did
not go down and check the house at that time. It was only after he got up this morning and
went down that he saw the window in the kitchen partway slid open and the screen bent from
someone prying on it. Nothing was missing from the home according to the PRI.
    I checked the outside of the home and the kitchen window. I found the area of the
screen that was bent was out of my reach. I found no signs where an object had been placed
on the ground to stand on in an attempt to enter via the kitchen window. The base of the
window is approx. 5 feet above the ground. I did remove the screen and process it for
prints with negative results.
    There is no evidence that anyone had tried to enter or did enter the home.

| 80. Distribution ☐ B ☐ C ☒ DA ☐ DE ☐ L ☐ O ☐ SR ☐ V | 81. Additional Routing | |
| ☐ Investigation ☐ Vice ☐ Narcotics ☐ Juv ☐ Coroner | 82. Reporting Deputy (Print) D. KIMBALL | 83. Date/Time Written 8-29-2005 / 1030 | 84. Dispo SUS |
| ☐ Property Ck. ☐ AOS ☐ Intell. ☐ R.O. ☐ SHO | | | |
| ☐ Patrol Captain ☐ Compt.Ofc. ☐ Marine Patrol ☐ DV Unit ☐ Other | 85. Approving Supv (Print) Keith Chelini | 86. Emp No. 50991 | 87. Date 9-7-05 | 1 of 1 |

36112 11/84

CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT CA0070000

☒ Face Page
☐ Continuation
☐ Supplemental

Beat **82**

CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT CA0070000    PO Box 391 Martinez, California 94553-0039

☐ PD ☐ CHRO ☐ F ☐ Arrest ☐ SI

| 1. DR No. | 2. City Code | 3. Crime / Classification | 4. Detail | 1. 1734 | 5. More |
|---|---|---|---|---|---|
| 05-28092 | ORI/78 | Civil (1734) | | 2. | Persons ☐ |

| 6. Day / Date / Time of Occurrence | | 7. Date / Time Reported | 8. Employee No. | 9. Reclassification |
|---|---|---|---|---|
| FRIDAY /10-14-05 /1423 hrs | | 10-14-05 /1423 | 61364 | ☐ |

**10. Address / Location of Occurrence**
89 Oak Rd Orinda

| 11. | ☒ PRI | ☐ VIC | ☐ WIT | ☐ MSP | ☐ RUN | ☐ SUS | ☐ LEAD | ☐ OTHER |
|---|---|---|---|---|---|---|---|---|

| 12. Name (L, F, M) | 13. Race / Sex / Age | 14. DOB | 15. Driver License No. |
|---|---|---|---|
| Oberle, Samsara Willow | W /F /33 | 3-6-72 | |

| 16. Address (Zip Code) | 17. Home Phone |
|---|---|
| | |

| 18. Employed By or School | 19. Work Phone |
|---|---|
| | |

| 20. Hair | 21. Eyes | 22. Ht. | 23. Wt. | 24. AKA / Maiden Name | 25. Social Security No. |
|---|---|---|---|---|---|
| BRO | BRO | 5-6 | 125 | | |

**26. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.)**

27. Booking or Cite No.

| 28. | ☐ PRI | ☐ VIC | ☐ WIT | ☐ MSP | ☐ RUN | ☐ SUS | ☐ LEAD | ☒ OTHER |
|---|---|---|---|---|---|---|---|---|

| 29. Name (L, F, M) | 29. Race / Sex / Age | 30. DOB | 31. Driver License No. |
|---|---|---|---|
| Oberle, Donald Patrick | W /M /39 | 2-12-66 | |

| 32. Address (Zip Code) | 33. Home Phone |
|---|---|
| 89 Oak Rd Orinda 94563 | |

| 34. Employed By or School | 35. Work Phone |
|---|---|
| | |

| 36. Hair | 37. Eyes | 38. Ht. | 39. Wt. | 40. AKA / Maiden Name | 41. Social Security No. |
|---|---|---|---|---|---|
| BLK | BLU | 6-0 | 170 | | |

**42. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.)**

43. Booking or Cite No.

| 44. | ☐ PRI | ☐ VIC | ☐ WIT | ☐ MSP | ☐ RUN | ☐ SUS | ☐ LEAD | ☒ OTHER |
|---|---|---|---|---|---|---|---|---|

| 45. Name (L, F, M) | 46. Race / Sex / Age | 47. DOB | 48. Driver License No. |
|---|---|---|---|
| Woodbury, Amy Grace | W /F /29 | 12-1-75 | |

| 49. Address (Zip Code) | 50. Home Phone |
|---|---|
| | |

| 51. Employed By or School | 52. Work Phone |
|---|---|
| | |

| 53. Hair | 54. Eyes | 55. Ht. | 56. Wt. | 57. AKA / Maiden Name | 58. Social Security No. |
|---|---|---|---|---|---|
| BLN | GRN | 5-7 | 100 | | |

**59. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.)**

60. Booking or Cite No.

| 62. Veh / Ves ☐ S ☐ Vict | 63. Lic. No. (State) | 64. Year | 65. Make | 66. Model | 67. Body Style | 68. Color Top / Bottom |
|---|---|---|---|---|---|---|

| 69. Status ☐ Left ☐ Impound ☐ Stored | 70. Registered Owner | 71. R.O. Address |
|---|---|---|
| 72. Towed to or Released to | | 73. Who has Keys? |

| 74. Evid ☐ Yes ☒ No | 75. F / P ☐ Yes ☒ No | 76. Dispo of Evidence N/A | 77. Missing N/A | 78. Damaged N/A |
|---|---|---|---|---|

**79. Brief Synopsis of Incident**

Samsara Oberle requested a welfare check at [redacted] to check on an ill woman who is at the house. Samsara told dispatch she and her husband are divorcing and they both own the residence. I called Samsara and she said she has moved out of [redacted] in Sept. 2004. Samsara said she went there today because she was concerned that Donald did not come to court on 10-12-05 and she was concerned. She also said there was a restraining order against her to stay 100 yards from her husband, but it was expired. I went to 89 Oak Rd. Samsara was there. I checked with records and was unable to locate any current R/O information. I found Amy Woodbury in the house. She said she had the flu, but did not need medical attention. She said she was house sitting for Donald. I contacted Donald by phone. He was in Los Angeles. He said Woodbury was house sitting with his permission. He said there is a restraining order against his wife and she is not to be at his house. I could not confirm the restraining order. Samsara left the residence without incident.

**80. Distribution**
☐ B ☐ C ☐ DA ☐ DE ☐ L ☐ O ☐ SR ☐ V
☐ Investigation ☐ Vice ☐ Narcotics ☐ Juv ☐ Coroner
☐ Property Ck. ☐ ACS ☐ Intell. ☐ R.O. ☐ SHC
☐ Patrol Captain ☐ Compl.Ofc. ☐ Marine Patrol ☐ DV Unit ☐ Other

**81. Additional Routing**

| 82. Reporting Deputy (Print) | 83. Date/Time Written | 84. Dispo |
|---|---|---|
| N. McCormack | 10-15-05 0800 | CLR |

| 85. Approving Supv (Print) | 86. Supv No. | 87. Date | |
|---|---|---|---|
| Keith Chelini | 50991 | 10-15-05 | 1 of 1 |

38112 11/94

☐ Continuation
☒ Supplemental

**CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT CA0070000**
P.O. Box 391, Martinez, CA 94553-0039

Seat 82

☐ D.V.   ☐ HRO   ☐ Arrest   ☐ SI

| 1. DR No. 05-28092 | 2. City Code ORI/78 | 3. Crime / Classification Civil (1734) | | 4. Detail | 1. 1734 2. | 5. Reclassification |
|---|---|---|---|---|---|---|
| 6. Victim Name (L.F.M) Oberle, Donald Patrick | | | 7. Date Orig. Report 10-21-05 | P.E. Employee No. | | |
| 8. Address / Location of Occurrence 89 Oak Rd Orinda | | | 10. Suspect's Name (L.F.M) Oberle, Samsara Willow | | | |

11. Property Description:
Impounded, Recovered, Found, Lost, Stolen - Item Number, Article, Quantity, Brand/Make/Manufacturer's Model Number, Serial Number, Miscellaneous Description, Location Where Taken, Value, Include Total Loss - LIST IN FOLLOWING ORDER: A) Currency, Notes; B) Jewelry; C) Furs; D) Vehicles; E) Office Equipment; F) Radio, TVs etc.; G) Firearms; H) Household Goods; I) Misc.

| 12. Recovered Property $ | 13. Narrative / Statements |
|---|---|

On 10-21-05, Off. Kelly gave me a copy of a domestic violence restraining order protecting Donald Oberle and restraining Samsara Oberle. The order was signed Oct. 12, 2005. I checked the order in CLETS and found the order had not been served. I contacted warrants and confirmed the order was not served.

I called Samsara Oberle at the phone number she provided to me on 10-14-05 ▓▓▓▓▓▓▓▓▓▓. Samsara answered the phone and stated she was Samsara Oberle. I informed her there was a restraining order against her protecting her husband Donald Oberle. I told her the terms include she is not to be within 100 yards of Donald Oberle, his residence or his work. Oberle stated the residence at 89 Oak Rd is not Donald's residence so the order does not apply to that house. I informed her that Donald states it is his residence and she could be subject to arrest for violation of the restraining order if she returns to that address or within 100 yards of Donald Oberle. I encouraged Samsara to contact her attorney for legal advice.

I could not provide personal service of the restraining order to Samsara Oberle at this time.

| 14. Distribution | | 15. Additional Routing | | | |
|---|---|---|---|---|---|
| ☐ B      ☐ C | ☐ DA   ☐ DE   ☐ L | ☐ O | ☐ BR   ☐ V | | |
| ☐ Investigation | ☐ Vice   ☐ Narcotics | ☐ Juv | ☐ Coroner | | |
| ☐ Property C/R | ☐ ACS   ☐ Intel. | ☐ R.O. | ☐ SHC | | |
| ☐ Patrol Captain | | | | | |
| ☒ Other | ☐ Compl.Ofc.   ☐ Marine Patrol | ☐ DV Unit | | | |

| 16. Reporting Deputy (Print) N. McCormack | 17. Date/Time Written 10-21-05 0857** | 18. Dispo CLR |
|---|---|---|
| 19. Approved Supv (Print) | 20. Seq. No. | 21. Date | 22. Page 1 of 6 |

36112 11/94

**DV-125** **Reissue Temporary Restraining Order**

Clerk stamps below when form is filed.

2005 OCT 17  A 8 06

**1** Name of person asking for protection (protected person):
Donald Patrick Oberle

Protected person's address *(skip this if you have a lawyer): (If you want your address to be private, give a mailing address instead):*
89 Oak Road

City: ___Orinda___ State: _CA_ Zip: _94563-3322_
Phone # *(optional):* ( 925 ) ▓▓▓▓▓

Protected person's lawyer *(if any): (Name, address, phone #, and State Bar #):*
_____
_____
_____

Court name and street address:

Superior Court of California, County of
Contra Costa, Peter L. Spinetta Family
Law Center
751 Pine Street, Martinez, CA 94553

**2** Restrained person's name:
Samsara Willow Oberle

Description of that person: Sex: ☐M ☑F Ht: 5' 6"
Wt.: _135_ Race: _Caucasion_ Hair Color: Brown
Eye Color: Brown Age: _33_ Date of Birth: 3/06/72

Case Number:

FLMSD04-04657

This document is a correct copy
of the original on file in this office.
ATTEST: OCT 17 2005

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
Deputy Clerk

**3** I ask the judge to reissue the Temporary Restraining Order, Form DV-110.
  a. The last hearing date was *(date):* _9/29/05_
  b. The order has been reissued ___one___ times.

**4** I ask the judge to reissue the order because:
  a. ☐ I could not get the order served before the hearing date.
  b. ☐ The date of the hearing was changed because we were sent to mediators or other family court services.
  c. ☑ Other *(specify):* The Judge has set a hearing date beyond 10/12/05 to 11/16/05.

**5** I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.
Date: _10/10/05_

Donald Patrick Oberle
*Type or print your name*       *Sign your name*

**This is a Court Order.**
*Clerk will fill out section below.*

The order listed in **3** is reissued and reset for hearing in this court on the date and time below. Unless a judge extends the time, the order will end on the date and time below.

**Hearing Date** ▶ Date: _11-16-05_ Time: _9:30 am_ Name & address of court if different from above:
Dept.: _9_ Rm.: ____

All other orders in the Temporary Restraining Order stay in effect unless this order changes them.
Date: _OCT 12 2005_ _____
*Judge (or Judicial Officer)*

Judicial Council of California, www.courtinfo.ca.gov
Rev. July 1, 2003, Mandatory Form
Code of Civil Procedure, § 527(d). Approved by DOJ

**Reissue Temporary Restraining Order**
*(Domestic Violence Prevention)*

DV-125, Page 1 of 1
American LegalNet, Inc.
www.USCourtForms.com

NM 3 OF 6

05-28092                                                      8:45 Am.

**DV-110**    **Temporary Restraining**
              **Order and Notice of Hearing**

*Clerk stamps date here when form is filed.*

**FILED**

2005 SEP -6 P 3: 03

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY ____ J. DANE, DEPUTY CLERK

(1) **Name of person asking for protection (protected person):**
DONALD PATRICK OBERLE

**Protected person's address** *(skip this if you have a lawyer): (If you want
your address to be private, give a mailing address instead):*
89 Oak Road

City: Orinda            State: CA   Zip: 94563-3322
Telephone number: ▓▓▓▓▓▓
**Protected person's lawyer** *(if any): (Name, address, telephone number,
and State Bar number):*
DONALD P. OBERLE, In pro per     ▓▓▓▓▓▓
89 Oak Road
Orinda, California 94563-3322

*Fill in court name and street address:*
**Superior Court of California, County of**
Contra Costa
751 Pine Street
Martinez, California 94553
PETER L. SPINETTA FAMILY
LAW CENTER
*Clerk fills in case number:*
**Case Number:**
FLMSD04-04657

(2) **Restrained person's name:**
SAMSARA WILLOW OBERLE
**Description of that person:** Sex: ☐ M  ☑ F  Height: 5' 6"
Weight: 135   Race: Caucasian   Hair Color: Brown
Eye Color: Brown   Age: 33   Date of Birth: 03/06/72

(3) List the full names of all family or household members protected by this order:

(4) **Court Hearing Date** *(Fecha de la Audiencia)*
*Clerk will fill out section below.*

Hearing Date → Date: 9-29-05   Time: 8:30   Name and address of court if different from above:
Dept.: 09   Rm.:   751 PINE ST.   MARTINEZ, CA

To the person in (2): At the hearing, the judge can make restraining orders that last for up to 3 years. The judge
can also make other orders about your children, child support, spousal support, money, and property. At the
hearing, you can tell the judge that you do not want the orders against you. Even if you do not attend the hearing,
you *must* obey the orders.

*Para la persona nombrada en* (2): *En esta audiencia el juez puede hacer que la orden de restricción sea válida
hasta un máximo de 3 años. El juez puede también hacer otras órdenes acerca de niños, manutención, dinero y
propiedad. Si Usted se opone a estas órdenes, vaya a la audiencia y dígaselo al juez. Aunque no vaya a la
audiencia, tiene que obedecer estas órdenes.*

To the person in (1): At the hearing, the judge will consider whether denial of any orders will jeopardize your
safety and the safety of children for whom you are requesting custody visitation and child support. Safety
concerns related to your financial needs and the children's will also be considered.

(5) **Temporary Orders (Ordenes Temporales)**
Any orders made in this form end at the time of the court hearing in (4), unless a judge extends them.
Read this form carefully. All checked boxes ☑ and items 10 and 11 are court orders.

*Todas las órdenes hechas en esta formulario terminarán en la fecha y hora de la audiencia en* (4), *al menos que
un juez las extienda. Lea este formulario con cuidado. Todas las casillas marcadas* ☑ *y artículo 10 son órdenes
de la corte.*

**This is a Court Order.**

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2005, Mandatory Form
Family Code, § 6200 et seq. Approved by DOJ

**Temporary Restraining Order**
**and Notice of Hearing (CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 1 of 5 →

American LegalNet, Inc.
www.USCourtForms.com

NM  4 OF 6

05-28091

Your name: DONALD PATRICK OBERLE

| Case Number: |
| --- |
| FLMSD04-04657 |

(6) ☑ **Personal Conduct Orders**

The person in ② must *not* do the following things to the protected people listed in ① and ③:

  a. ☑ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, or block movements

  b. ☑ Contact (either directly or indirectly), or telephone, or send messages or mail or e-mail
  
   ☐ Except for brief and peaceful contact as required for court-ordered visitation of children unless a criminal protective order says otherwise

Peaceful written contact through a process server or another person to serve legal papers is allowed and does not violate this order.

(7) ☑ **Stay-Away Order**

The person in ② must stay at least 100 yards away from:

  a. ☑ The person listed in ①
  b. ☑ The people listed in ③         d. ☐ The children's school or child care
  c. ☑ Home  ☑ Job  ☑ Vehicle of person in ①    e. ☑ Other *(specify):* _____

(8) ☐ **Move-Out Order**

The person in ② must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

(9) ☐ **Child Custody and Visitation Order**

  a. ☐ You and the other parent must make an appointment for court mediation *(address and phone number):* _____

  b. ☐ Follow the orders listed in Form DV-140, which is attached.

(10) **No Guns or Other Firearms**

The person in ② cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get a gun or firearm.

(11) **Turn in or sell guns or firearms:**

The person in ② :

  • Must sell to a licensed gun dealer or turn in to police any guns or firearms that he or she has or controls. This must be done within 24 hours of receiving this order.

  • Must bring a receipt to the court within 72 hours of receiving this order, to prove that guns and firearms have been turned in or sold.

(12) ☑ **Property Control**

Until the hearing, *only* the person in ① can use, control and possess the following property and things: real property at 89 Oak Road, Orinda, California (protected person's separate property)

_____

**This is a Court Order.**

NM 5 OF 6

Your name: DONALD PATRICK OBERLE

Case Number:
FLMSD04-04657

(13) ☑ **Property Restraint**
If the people in ① and ② are married to each other or are registered domestic partners, they must not transfer, borrow against, sell, hide, or get rid of or destroy any property, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court.

(14) ☑ **Record Unlawful Communications**
The person in ① can record communications made by the person in ② that violate the judge's orders.

(15) **No Fee to Notify**
If the sheriff or marshal serves this order, he or she will do it for free.

(16) ☑ **Other Orders** (specify):

Contra Costa Superior Court

(17) If the judge makes a restraining order at the hearing, which has the same orders as in this form, the person in ② will get a copy of that order by mail at his or her last known address. *(Write restrained person's address here):*
2037 San Antonio Avenue, Alameda, California 94501-4217

If this address is not correct, or to know if the orders were made permanent, contact the court.

(18) ☑ **Time for Service**

| **Ⓐ    To: Person Asking for Order** | **Ⓑ    To: Person Served With Order** |
|---|---|
| Someone 18 or over—not you or the other protected people—must personally "serve" a copy of this order to the restrained person at least ____ days before the hearing. | If you want to respond in writing, someone 18 or over—not you—must "serve" Form DV-120 on the person in ①, then file it with the court at least ____ 5 days before the hearing. |

Contra Costa Superior Court

*For help with Service or answering, read Form DV-210 or DV-540.*

Date: 9/6/05

Judge (or Judicial Officer)

**Certificate of Compliance With VAWA**

This temporary protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA) upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in all jurisdictions throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.

**This is a Court Order.**

Revised July 1, 2005

**Temporary Restraining Order
and Notice of Hearing (CLETS—TRO)**
(Domestic Violence Prevention)

DV-110, Page 3 of 5
→

NM 6 OF 6

## MASTER NAME FILE
### Contra Costa, County of

| Name | DOB | S | R | Hgt | Wgt | Hai | Eye | MNI |
|------|-----|---|---|-----|-----|-----|-----|-----|
| OBERLE,DONALD PATRICK | 02-12-1966 | M | W | 600 | 170 | BLK | BLU |  |
| 89 OAK RD, ORI, CA | | | | | | | | |

| OLN/OLS | CIN | SSN | SID | FBI | JID | Alias MNI |
|---------|-----|-----|-----|-----|-----|-----------|
| ▓▓▓▓▓▓▓ | | | | | | |

### Aliases

| Alias | DOB | SR | Agen |
|-------|-----|----|------|
| OBERLE,DONALD PATRICK | 02-12-1986 | MW | SP |

### Citation

| Citation No | Date | Invl | Violation | Agen |
|-------------|------|------|-----------|------|
| 3301432228 | 08-15-2003 | CIT | EXCESSIVE SPEED - PRIMA FACIE | SP |
| 2500636563 | 05-31-1996 | CIT | STOP SIGN - STOP AT LIMIT LIN | SP |
| 2500519207 | 12-09-1994 | CIT | EXCESSIVE SPEED - PRIMA FACIE | SP |

### Persons of Interest

| Report No | Date | Invl | Related Activity | PRN | Agen |
|-----------|------|------|------------------|-----|------|
| 940004419 | 02-14-1994 | SUS | CVC, RECKLESS DRIVING | 0246342 | SP |
| 050028092 | 10-14-2005 | OTH | SUSPICIOUS CIRCUMSTANCES | 1173384 | SP |
| 050023482 | 08-28-2005 | PRI | SUSPICIOUS CIRCUMSTANCES | 1162361 | SP |

CONT   ***CONTINUATION***

MASTER NAME FILE
Contra Costa, County of

_____ Vehicle Information _____

Black 1986 Porsche coupe, 2 door with license 2SIK002/CA. Cited on 12-09-1994 in Citation No 2500519207.

Burgundy 1986 Porsche coupe, 2 door with license BLINE/CA. Cited on 05-31-1996 in Citation No 2500636563.

Silver/aluminum 1999 Mercedes Benz coupe, 2 door with license LUVUBERB/CA. Cited on 08-15-2003 in Citation No 3301432228 (agency SP).

_____ Addresses _____

| Reference # | Date | Typ | Address | MSGK | Agen |
|---|---|---|---|---|---|
| 050028092 | 11-07-2005 | | 89 OAK RD, ORI, CA | PER6 | SP |
| 050023482 | 09-21-2005 | | 89 OAK RD, ORI, CA | PER6 | SP |
| 3301432228 | 08-19-2003 | | 1670 RIVIERA AV ST 300, WALNUT CREEK | CITE | SP |
| 2500636563 | 04-11-1997 | | 1356 MUSTANG, DAN | CITE | SP |
| 2500519207 | 04-03-1995 | | 3048 SOMBRERO, SRA | CITE | SP |

CONT   ***CONTINUATION***

MASTER NAME FILE
Contra Costa, County of

Phones

| Reference # | Date | Typ | Phone Number | | MSGK | Agen |
|---|---|---|---|---|---|---|
| 050023482 | 09-21-2005 | H | | | PER6 | SP |
| 050028092 | 11-07-2005 | B | | | PER6 | SP |
| 940004419 | 08-31-1995 | H | | | PER6 | SP |

CONT  ***CONTINUATION***

OCT 17 2005
8:07

**DV-125**   **Reissue Temporary Restraining Order**

*Clerk stamps below when form is filed.*

2005 OCT 17 A 9 06

**1** Name of person asking for protection (protected person):
Donald Patrick Oberle

Protected person's address *(skip this if you have a lawyer)*: *(If you want your address to be private, give a mailing address instead)*:
89 Oak Road

City:   Orinda   State:  CA  Zip: 94563-3322

Phone # *(optional)*: ( 925 ) ▓▓▓▓▓▓▓

Protected person's lawyer *(if any)*: *(Name, address, phone #, and State Bar #):*

Court name and street address:

Superior Court of California, County of
Contra Costa, Peter L. Spinetta Family
Law Center
751 Pine Street, Martinez, CA 94553

**2** Restrained person's name:
Samsara Willow Oberle
Description of that person: Sex: ☐M ☑F  Ht.: 5' 6"
Wt.:  135  Race: Caucasion   Hair Color: Brown
Eye Color: Brown   Age:  33   Date of Birth: 3/06/72

Case Number:
FLMSD04-04657

**3** I ask the judge to reissue the Temporary Restraining Order, Form DV-110.
  a. The last hearing date was *(date)*:   9/29/05
  b. The order has been reissued   one   times.

This document is a correct copy of the original on file in this office.
ATTEST: OCT 17 2005
K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

**4** I ask the judge to reissue the order because:
  a. ☐ I could not get the order served before the hearing date.
  b. ☐ The date of the hearing was changed because we were sent to mediators or other family court services.
  c. ☑ Other *(specify)*: The Judge has set a hearing date beyond 10/12/05 to 11/16/05.

**5** I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.
  Date:   10/10/05

Donald Patrick Oberle
*Type or print your name*

*Sign your name*

**This is a Court Order.**

*Clerk will fill out section below.*

The order listed in **3** is reissued and reset for hearing in this court on the date and time below. Unless a judge extends the time, the order will end on the date and time below.

**Hearing Date** ▶ Date: 11-16-05  Time: 9:30 am  Name & address of court if different from above:
Dept.:  9  Rm.:

All other orders in the Temporary Restraining Order stay in effect unless this order changes them.

Date: OCT 12 2005

*Judge (or Judicial Officer)*

Judicial Council of California, www.courtinfo.ca.gov
Rev. July 1, 2003, Mandatory Form
Code of Civil Procedure, § 527(b), Approved by DOJ
**Reissue Temporary Restraining Order**
(Domestic Violence Prevention)
DV-125, Page 1 of 1
American LegalNet, Inc.
www.USCourtForms.com

| PDA: | Homeland Security: | Subject: | **Identity Theft** | |
|---|---|---|---|---|

| | | | | Incident No. 053340483.1 |
|---|---|---|---|---|
| IBR Disposition: | **Active** | | Case Management Disposition: | |
| Forensics: | | | Reporting By/Date: | **88-029 - Robinson, Dennis   11/30/05 11:57:00** |
| Case Report Status: | **Submitted** | | Reviewed By/Date: | |

**Related Cases:**

| Case Report Number | Agency |
|---|---|
| 05-12-336 | **Contra Costa County, CA** |

**Non-Electronic Attachments**

| Attachment Type | Additional Distribution | Count |
|---|---|---|

| | | | |
|---|---|---|---|
| Location Address: | ▓▓▓▓▓ #D | Location Name: | |
| City, State, Zip: | **University Place, WA** | Cross Street: | |
| Contact Location: | ▓▓▓▓▓ #D | City, State, Zip: | ▓▓▓▓▓ |
| CB/Grid/RD: | ▓▓▓▓▓ | District/Sector: | **UP03 - UP (Cirque Park)** |
| Occurred From: | **11/30/85 06:00:00 Saturday** | Occurred To: | **11/30/05 06:00:00 Wednesday** |
| Notes: | | | |

## Offense Details: 2604 - Fraud - Identity Theft

| | | | | | |
|---|---|---|---|---|---|
| Domestic Violence: | **No** | Child Abuse: | Gang Related: | | Juvenile: | |
| Completed: | **Attempted** | | Crime Against: | **PR** | Hate/Bias: | **None (No Bias)** |
| Criminal Activity: | | | | | Using: | |
| Location Type: | **Single Family Residence** | Type of Security: | | Tools: | |
| Total No. of Units Entered: | | Evidence Collected: | | | |
| Entry Method: | | | | | |
| Notes: | | | | | |

## Suspect S1: Borlini, Dominique        Verified: No                              PDA:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Aliases: | | | | | | | |
| DOB: | | Age: | **00** | Sex: | **Male** | Race: | **Unknown** | Ethnicity: | **Non-Hispanic** |
| Height: | | Weight: | | Hair Color: | | | Eye Color: | |
| Address: | | | County: | | | Phone: | |
| City, State Zip: | | | Country: | | | Business Phone: | |
| Other Address: | | | | | | Other Phone: | |
| Resident: | **Unknown** | | Occupation/Grade: | | | Employer/School: | |

| | | | |
|---|---|---|---|
| Call Source: | **Dispatched** | Assisted By: | |
| Phone Report: | **Yes** | Notified: | |
| Insurance Letter: | | Entered By: | **88-029 - Robinson, Dennis** |
| Entered On: | **12/01/05 11:37:43** | Approved By: | |
| Approved On: | | Exceptional Clearance: | |
| Adult/ Juvenile Clearance: | | Exceptional Clearance Date: | |
| Additional Distribution: | | Other Distribution: | |

| Validation Processing | Distribution Date: | By: | County Pros. Atty. | Juvenile | Other | CPS | Supervisor: |
|---|---|---|---|---|---|---|---|
| | Indexed Date: | By: | City Pros. Atty. | Military | DSHS | PreTrial | |

***For Law Enforcement Use Only – No Secondary Dissemination Allowed***
Records has the authority to ensure correct agency, CB/Grid/RD, and District/Sector are incorporated in the report.

| | | |
|---|---|---|
| SSN: | DOC No: | FBI No: |
| State ID: | Local CH No: | |
| Driver License No: | Driver License State: | Driver License Country: |
| Hair Length: | Glasses: | Facial Hair: |
| Hair Style: | Teeth: | Facial Shape: |
| Hair Type: | Speech: | Complexion: |
| Appearance: | Right/Left Handed: | Facial Feature Oddities: |
| SMT: | | Distinctive Features: |
| Attire: | | Body Build: |
| Gangs: | | Tribe Affiliation: |
| Significant Trademarks: | | Identifiers: |
| Suspect Pretended to Be: | Modus Operandi: | |
| Place of Birth: | Habitual Offender: | Custody Status: |
| Type of Injury: | Fire Dept Response: | Hospital Taken To: |
| Medical Release Obtained: | Taken By: | Attending Physician: |
| Hold Placed By: | Suspect Offense: 2604 - Fraud - Identity Theft | |
| Suspect Notes: | | |

## Victim V1: Gapsh, Kim

PDA:

| | | |
|---|---|---|
| Aliases: | | |
| DOB: 11/16/56 | Age: 29   Sex: Female   Race: Unknown | Ethnicity: Non-Hispanic |
| Height: | Weight:   Hair Color: | Eye Color: |
| Address: | County: | Phone: |
| #D | | |
| City, State Zip: University Place, WA | Country: | Business Phone: |
| Other Address: | | Other Phone: |
| Resident: Full - Time Resident | Occupation/Grade: | Employer/School: |
| SSN: | | Place of Birth: |
| Driver License No: | Driver License State: | Driver License Country: |
| Attire: | | Complexion: |
| SMT: | | Facial Hair: |
| Victim Of: 2604 - Fraud - Identity Theft | | Facial Shape: |
| Victim Type: Individual | Circumstances: | Weapon Used: |
| Injury: | Testify: | Reporting Statement Obtained: |
| Type of Injury: | | Fire Dept Response: |
| Hospital Taken To: | Medical Release Obtained: | Taken By: |
| Attending Physician: | Hold Placed By: | |

## Victim Offender Relationships

| Offender: | Relationship: |
|---|---|
| S1 - Borlini, Dominique | Victim Was Stranger |

| Law Enforcement Officer Killed or Assaulted Information | Type: | Justifiable Homicide Circumstances: |
|---|---|---|
| | Assignment: | |
| | Activity: | |

| Victim Notes: | |
|---|---|

*For Law Enforcement Use Only – No Secondary Dissemination Allowed*

*Printed: December 2, 2005 - 1:53 PM*
*Printed By: Kelly, Jim F*

## Other Entity O1: Langton, Dan

PDA:

| | | | | |
|---|---|---|---|---|
| Aliases: | | | | |
| DOB: | Age: **00** | Sex: **Male** | Race: **Unknown** | Ethnicity: **Non-Hispanic** |
| Height: | Weight: | Hair Color: | | Eye Color: |
| Address: | | County: | | Phone: |
| City, State Zip: | | Country: | | Business Phone: |
| Other Address: | | | | Other Phone: |
| Resident: **Unknown** | | Occupation/Grade: | | Employer/School: |
| SSN: | | | | Place Of Birth: |
| Driver License No: | | Driver License State: | | Driver License Country: |
| Attire: | | | | Complexion: |
| SMT: | | | | Facial Hair: |
| Entity Type: **Other Individual** | | Reporting Statement Obtained: | | Facial Shape: |
| Entity Notes: | | | | |

## Other Entity O2: Zenable, Phillip

PDA:

| | | | | |
|---|---|---|---|---|
| Aliases: | | | | |
| DOB: | Age: **00** | Sex: **Male** | Race: **Unknown** | Ethnicity: **Non-Hispanic** |
| Height: | Weight: | Hair Color: | | Eye Color: |
| Address: | | County: | | Phone: |
| City, State Zip: | | Country: | | Business Phone: ▓▓▓▓▓ |
| Other Address: | | | | Other Phone: |
| Resident: **Nonresident** | | Occupation/Grade: | | Employer/School: **Contra Costa County, CA** |
| SSN: | | | | Place Of Birth: |
| Driver License No: | | Driver License State: | | Driver License Country: |
| Attire: | | | | Complexion: |
| SMT: | | | | Facial Hair: |
| Entity Type: **Law Enforcement Officer** | | Reporting Statement Obtained: | | Facial Shape: |
| Entity Notes: | | | | |

## Investigative Information

| | | | |
|---|---|---|---|
| Means: | | Motive: | |
| Vehicle Activity: | | Direction Vehicle Traveling: | |

**Synopsis:** The victim's social security number was obtained and used by the suspect.

**Narrative:** On 11-30-05 at 1157 I contacted Victim Gapsh by phone regarding the theft of her identity using her Social Security number. She told me she was contacted by a detective or prosecutor in Contra Costa County, CA (Zenable) and he told her that a suspect was arrested (Dominique Borlini) and had been using her Social Security number.

Gapsh told me that the arrested individual had possibly been using her SSN for twenty years. She said she does not use a computer and she has not been the victim of any type of theft that would have caused her SSN to be stolen. She said she does not have any idea how the suspect in California could have gotten her SSN. Gapsh said that the California Detective told her that her credit may be bad because of the fraud. She told me she has not received anything that indicates she owes money or her credit is bad but she will check her credit to determine if any fraudulent accounts were opened.

*For Law Enforcement Use Only – No Secondary Dissemination Allowed*

Gapsh said Zenable also told her that an associated name to his investigation was Dan Langton. She said she did not know if that was a different individual or if it was an alias for Borlini.

Nothing further at this time.

Reviewed By:

Reviewed Date:

# California Ultimate Weapon

```
       Search Date:  Tuesday, November 29, 2005
   Query Submitted:  Database = California UCC Index
                     First Name = dominick
                     Last Name = borlini
                     Client Reference = don oberle


   Client Reference:  don oberle
```

---

## Record # 1 of 2

```
          Record Type:  CALIFORNIA UCC INDEX
         Data Through:  11/08/2005
          File Number:  0105960440
            File Date:  02/26/2001
      Expiration Date:  02/27/2006

            Debtor #1:  DOMINICK BORLINI
                        1670 RIVERIA AVE STE 101
                        WALNUT CREEK, CA 94596

            Debtor #2:  CREDIT LINE FINANCIAL
                        1670 RIVERIA AVE STE 101
                        WALNUT CREEK, CA 94596

     Secured Party #1:  DELL FINANCIAL SERVICES, L.P.
                        14050 SUMMIT DR BLDG A STE 101
                        AUSTIN, TX 78759
```

---

## Record # 2 of 2

```
          Record Type:  CALIFORNIA UCC INDEX
         Data Through:  11/08/2005
          File Number:  0105960440
            File Date:  02/26/2001

            Debtor #1:  CREDIT LINE FINANCIAL
                        1670 RIVERIA AVE STE 101
                        WALNUT CREEK, CA 94596

            Debtor #2:  DOMINICK BORLINI

     Secured Party #1:  DELL FINANCIAL SERVICES, L.P.
                        14050 SUMMIT DR BLDG A STE 101
                        AUSTIN, TX 78759
```

---

# NORDSTROM fsb

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Philip Venable | FROM: Jo SE |
| COMPANY: | DATE: 1-18-06 |
| FAX NUMBER: 925-646-4683 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: | YOUR REFERENCE NUMBER: |

(Ⓧ) URGENT     ⑤ FOR REVIEW     ⑤ PLEASE COMMENT     ⑤ PLEASE REPLY     ⑤ PLEASE RECYCLE

NOTES/COMMENTS:

**MESSAGE:**

Please call me if you have any questions

The information in this fax message is privileged and confidential. It is intended for the use of the recipient named above (or the employee or agent responsible to deliver it to the intended recipient). If you received this in error, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you **have** received this message in error, please notify us by telephone **immediately** and return the original message to us at the above address via U. S. Postal Service. We will be happy to reimburse you for any cost.

PLEASE FORWARD IMMEDIATELY. IF THIS FAX WAS NOT RECEIVED CORRECTLY, PLEASE NOTIFY NORDSTROM CREDIT SYSTEMS AT (303) 397-4600.

01/18/2006 WED 12:51 [TX/RX NO 5443] @001

## COUNTY (TIES) OF Contra Costa, STATE OF CALIFORNIA

## SEARCH WARRANT                    No.M06-019

**The People of the State of California,** to any sheriff, constable, marshall, police officer or peace officer in the County(ies) of Contra Costa:  PROOF by affidavit having been made before me this day by Inspector Philip Venable that there is probable cause to believe the property and/or thing(s) and/or person(s) described herein may be found at the location(s) set forth and that the following provisions of California Penal Code Section 1524 are applicable:

☐    the property was stolen or embezzled - **Penal Code 1524(a)(1).**

☐    the property or thing(s) were used as the means of committing a felony  - **Penal Code 1524(a)(2).**

☐    the property or thing(s) are in the possession of any person with the intent to use it as a means of committing a public offense; OR are in the possession of another to whom he or she may have delivered it for the purpose of concealing it or preventing it from being discovered   - **Penal Code 1524(a)(3).**

☒    the property or thing(s) consist of any item or constitutes any evidence that tends to show a felony has been committed or tends to show that a particular person has committed a felony  - **Penal Code 1524(a)(4).**

☐    the property or things consist of evidence which tends to show that sexual exploitation of a child in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years in violation of 311.11, has occurred or is occurring  - **Penal Code 1524(a)(5).**

☐    an arrest warrant is outstanding for the person to be seized - **Penal Code 1524(a)(5).**

☐    because this is a search for documentary evidence which is in the possession or under the control of a lawyer, physician, psychotherapist or clergyman who is not a suspect in the criminal activity to which the documentary evidence being sought relates, the Special Master provisions are applicable - **Penal Code 1524(c).**

**YOU ARE THEREFORE COMMANDED TO SEARCH:**

**THE PREMISES** located at and described as:   a business: Cingular Wireless, 4420 Rosewood Dr, Pleasanton, Ca 94588

including basements, attics, storage spaces, appurtenant buildings, the surrounding grounds, and all containers therein and thereon which could contain any of the items sought.  **Strke out inapplicable words**

**THE CONTAINER(S)** located at and described as:

# EXHIBIT 4

1  ROBERT J. KOCHLY, District Attorney
   County of Contra Costa
2  Lauren R. Wixson, Deputy District Attorney, SB#117178
   627 Ferry Street
3  Martinez, CA 94553-0125
   Telephone: 925.646.4532
4  Facsimile: 925.646.4683
   Attorneys for Plaintiff

5

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 IN AND FOR THE COUNTY OF CONTRA COSTA

9

10  People of the State of          ) Case No.:
                                     )
11  California,                      ) COMPLAINT FOR CIVIL PENALTIES,
                                     ) PRELIMINARY INJUNCTION, AND
12           Plaintiff,              ) PERMANENT INJUNCTION
                                     )
13       vs.                         )
                                     )
14  DOSO, INC., DON OBERLE, and      )
                                     )
15  SAMSARA OBERLE,                  )
                                     )
16           Defendants
    _____

17

18       THE PEOPLE OF THE STATE OF CALIFORNIA, by and through

19  Robert J. Kochly, District Attorney of the County of Contra

20  Costa, allege as follows:

21       1. Robert J. Kochly, District Attorney of Contra Costa

22  County, acting to protect the consumers of this State and

23  County, brings this action in the public interest, in the name

24  of the People of the State of California.

25       2. The authority of the District Attorney of Contra Costa

26  County is derived from the statutory law of the State of

27  California, including, but not limited to, Business and

28  Professions Code sections 17203, 17204, and 17206.

                                  1

3. Plaintiff is informed and believes and thereupon alleges that Defendant, DOSO, INC. (hereinafter, DOSO), is a California corporation, doing business as Credit Line Financial with offices at 1390 Willow Pass Road, Suite 940, Concord, California.  Plaintiff further is informed and believes and thereupon alleges that Defendant Don Oberle is the chief executive officer of DOSO, that he owns and co-owns a controlling interest in the stock of DOSO, that Samsara Oberle is Don Oberle's wife, that she participates in the management of the corporate defendant, and that she also owns and co-owns a controlling interest in the stock of DOSO.  Defendants do business in Contra Costa County and throughout California.

4. The violations of law described in this complaint have been carried out within the last four years in the County of Contra Costa and the State of California.

5. Whenever an allegation regarding any act of the Defendant, DOSO, is made herein, such allegation shall be deemed to mean that that Defendant, or the agents or employees of said Defendant, did or authorized such acts while actively engaged in the affairs of that Defendant and while acting within the scope and course of their employment.

FIRST CAUSE OF ACTION

(Business and Professions Code Section 17206)

6. Plaintiff is informed and believes and thereupon alleges that during the four years preceding the filing of this complaint, and specifically including the period from October 28, 2004 to the present, DOSO has done business as a credit services organization as defined by section 1789.12(a) of the

2

California Civil Code.

7. Plaintiff is informed and believes and thereupon alleges that on or about October 28, 2004, DOSO became licensed as a real estate broker in the State of California.  This corporate license entitled one officer of the corporation, on behalf of the corporation, to engage in the business of a real estate broker without the payment of any further fee to the California Department of Real Estate.  Upon information and belief, the person designated by DOSO is Michael W. Erb.

8. Plaintiff is informed and believes and thereupon alleges that no real estate salespersons are licensed to DOSO and that there are no additional real estate brokers licensed to DOSO.

9. Plaintiff is informed and believes and thereupon alleges that during the four years preceding the filing of this complaint, DOSO has represented that it can and will sell, provide, and perform certain services in return for the payment of money or other valuable consideration by buyers of its services.  These services include improving a buyer's credit record, history, and rating, and providing advice and assistance to a buyer with regard to obtaining new credit and improving a buyer's credit record, history, and rating.

10. Plaintiff is informed and believes and thereupon alleges that Michael Erb does not supervise any employees of DOSO, does not work with the buyers of DOSO services to improve their credit record, history, or rating, and does not provide advice and assistance to buyers with regard to improving a buyer's credit record, history, and rating.

11. Plaintiff is informed and believes and thereupon

3

1  alleges that during the four years preceding the filing of this

2  complaint, DOSO has charged and received money from buyers prior

3  to full and complete performance of the services DOSO agreed to

4  perform for buyers, in violation of California Civil Code

5  section 1789.13(a).

6      12. Plaintiff is informed and believes and thereupon

7  alleges that during the four years preceding the filing of this

8  complaint, DOSO has failed to provide buyers of its services,

9  prior to the execution of any contract or agreement between DOSO

10  and buyers, with a statement in writing containing all the

11  information required by California Civil Code section 1789.15,

12  in violation of California Civil Code section 1789.14.

13      13. Plaintiff is informed and believes and thereupon

14  alleges that during the four years preceding the filing of this

15  complaint, DOSO has conducted business as a credit services

16  organization without first obtaining a surety bond in the

17  principal amount of one hundred thousand dollars in favor of the

18  State of California for the benefit of any person damaged by any

19  violation of the Civil Code provisions pertaining to credit

20  services organization, and in favor of any individual damaged by

21  those practices, in violation of California Civil Code section

22  1789.18(a).

23      14. Plaintiff is informed and believes and thereupon

24  alleges that during the four years preceding the filing of this

25  complaint, DOSO has failed to provide buyers of its services

26  with a written contract that complies with section 1789.16 of

27  the California Civil Code.

28      15. Plaintiff is informed and believes and thereupon

4

1   alleges that during the four years preceding the filing of this

2   complaint, DOSO has violated California Civil Code section

3   1789.16 by failing to provide buyers of its services with a

4   written contract that is dated, signed by the buyer, and

5   includes a conspicuous statement in size equal to at least 10-

6   point boldface type, in immediate proximity to the space

7   reserved for the signature of the buyer, reading as follows:

8   "You, the buyer, may cancel this contract at any time prior to

9   midnight of the fifth day after the date of the transaction.

10  See the attached notice of cancellation form for an explanation

11  of this right."

12      16. Plaintiff is informed and believes and thereupon

13  alleges that during the four years preceding the filing of this

14  complaint, DOSO has violated California Civil Code section

15  1789.16 by failing to provide buyers of its services with a

16  completed form in duplicate, captioned "Notice of Cancellation,"

17  which is attached to a written contract and is easily

18  detachable, and which contains in type of at least 10-point the

19  following statement written in the same language as used in the

20  in the contract:

21          "Notice of Cancellation"

22      "You may cancel this contract, without any
        penalty or obligation, within five days from the
23      date the contract is signed.
        "If you cancel, any payment made by you under
24      this contract must be returned within 15 days
        following receipt by the seller of your
25      cancellation notice.

26      "To cancel this contract, mail or deliver a signed
        and dated copy of this cancellation notice, or any
27      other written notice, to (name of seller) at
        (address of seller) (place of business)
28      not later than midnight (date).

5

1     "I hereby cancel this transaction.

2            —————     (purchaser's signature)"
             (date)

3     17. Plaintiff is informed and believes and thereupon

4 alleges that during the four years preceding the filing of this

5 complaint, DOSO has failed to file a registration application

6 with, and receive a certificate of registration from, the

7 California Department of Justice in violation of California

8 Civil Code section 1789.25.

9     18. Plaintiff is informed and believes and thereupon

10 alleges that during the four years preceding the filing of this

11 complaint, Defendant Don Oberle was the principal managing

12 officer of DOSO, was responsible for the day-to-day operation of

13 DOSO, and was in a position of responsibility and authority to

14 prevent and to correct the violations of law described in

15 paragraphs 6 through 17 above and failed to do so.  Plaintiff

16 further alleges on information and belief that Defendant Don

17 Oberle authorized the business practices and procedures used by

18 the DOSO as described in paragraphs 6 through 17 above.

19     19. Plaintiff is informed and believes and thereupon

20 alleges that during the four years preceding the filing of this

21 complaint, Defendant Samsara Oberle was an officer and a

22 managing agent of DOSO, that she was in a position of

23 responsibility and authority to prevent and to correct the

24 violations of law described in paragraphs 6 through 17 above and

25 failed to do so, and that she consulted and conspired with

26 Defendant Don Oberle with respect to the actions and failures to

27 act described in paragraphs 6 through 17 above.

28     20. Plaintiff is informed and believes and thereupon

COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF

1  alleges that the actions of Defendants as described above
2  constitute unlawful and unfair business practices in violation
3  of section 17200 of the California Business and Professions
4  Code, and Defendants are therefore liable to pay civil penalties
5  in accordance with section 17206 of the Business and
6  Professions Code of up to $2,500 per day per violation.

7                    SECOND CAUSE OF ACTION

8           (Business and Professions Code Section 17203)

9     21. Plaintiff realleges and incorporates by reference as
10  though set forth in full herein Paragraphs 6 through 20 of this
11  Complaint.

12     22. Plaintiff is informed and believes and thereupon
13  alleges that the actions of Defendants as described above
14  constitute unlawful and unfair business practices in violation
15  of section 17200 of the California Business and Professions
16  Code, and Defendants should therefore be immediately enjoined
17  and restrained from operating in this state as a credit services
18  organization as defined in section 1789.12(a) of the California
19  Civil Code until such time as Defendants have demonstrated to
20  to this Court that they have complied with sections 1789.13,
21  1789.14., 1789.15, 1789.16, 1789.18, and 1789.25 of the
22  California Civil Code or that they are otherwise exempt from the
23  requirements of these sections.

24                     THIRD CAUSE OF ACTION

25           (Business and Professions Code Section 17203)

26     23. Plaintiff realleges and incorporates by reference as
27  though set forth in full herein Paragraphs 6 through 20 of this
28  Complaint.

24. Plaintiff is informed and believes and thereupon alleges that the actions of Defendants as described above constitute unlawful and unfair business practices in violation of section 17200 of the California Business and Professions Code, and Defendants should restore to buyers of its services all funds paid by such buyers to Defendants in the four years preceding the date of filing of this complaint.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A. That Defendants pay civil penalties of not less than five hundred thousand dollars;

B. That Defendants be preliminarily and permanently enjoined from operating in this state as a credit services organization as defined in section 1789.12(a) of the California Civil Code until such time as Defendants have demonstrated to this Court that they have complied with sections 1789.13, 1789.14., 1789.15, 1789.16, 1789.18, and 1789.25 of the California Civil Code

C. That Defendants make restitution to all victims of their unlawful and unfair business practices;

D. That Plaintiff have such other further relief as to the court may seem just and proper.

DATED:
At Martinez, California.

Respectfully submitted,

ROBERT J. KOCHLY
District Attorney


Lauren R. Wixson
Deputy District Attorney

8

**Addendum:** Michael Erb is allowed to operate his primary real estate and other businesses without interruption by CLF and his income and assets of such businesses are the sole property of Michael Erb and his partners and/or associates.

**IN WITNESS WHEREOF,** the parties have hereunder set their hands and duly executed this Agreement on the day and year indicated below. The undersigned acknowledge that they have read and completely understood the terms of this Agreement as stated herein and have the authority to execute this Agreement.

**Michael Erb**

Michael Erb, Director

**DOSO Inc.**

Don Oberle, CEO

# EXHIBIT 5



MyFlorida.com

Public Safety

**Florida Department of CORRECTIONS**

HIGHLIGHTS   REPORTS   FACILITIES   OFFENDER SEARCH   FAQs   SEARCH   CONTACT

**OFFENDER SEARCH**

*Corrections Offender Network*

## Supervised Population Information Detail

### (This information was current as of 8/19/2007)



| | |
|---|---|
| DC Number: | 945373 |
| Name: | **OBERLE, DON P** |
| Race: | **WHITE** |
| Sex: | **MALE** |
| Hair Color: | **BROWN** |
| Eye Color: | **BROWN** |
| Height: | **6'00"** |
| Weight: | **165 lbs.** |
| Birth Date: | **02/12/1966** |
| Supervision Begin Date: | **07/02/1992** |
| Current Location: | **TAMPA** |
| Current Status: | **SUSPENSE** |
| Supervision Type: | **PROBATION FELONY** |
| Scheduled Termination Date: | **07/01/1995** |

**Current Verified Address:**
**89 OAK ROAD**
**ORINDA, CA 94563**

**Aliases:**
**DON P OBERLE DONALD OBERLE**

*Note: The offense descriptions are truncated and do not necessarily reflect the crime for which the offender is on supervision. Please refer to the court documents or the Florida Statutes for further information or definition.*